UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

LISA COFFEY                                                    PLAINTIFF


v.                                        CIVIL ACTION NO. 3:19-CV-43-JRW


EQUIAN, LLC                                                   DEFENDANT

## ORDER

The Court **GRANTS** Equian, LLC's motion to dismiss Lisa Coffey's Complaint for failing

to state a claim (DN 5).  The Court **DISMISSES** Coffey's claims against Equian **with prejudice**.


## MEMORANDUM OPINION

Coffey is a former human resources director at Equian.[1]  After she was let go in August

2018,[2] she sued Equian for age and sex discrimination under Kentucky law.[3]

Coffey's Complaint is a laundry list of grievances against her former co-worker, Connie

Janowski.[4]  Janowski subjected Coffey to "ridicule and abuse"[5] and "daily hostility."[6]  A big part

of this hostility was office birthday party politics.[7]  Janowski became Coffey's supervisor in June

2018,[8] and their relationship further soured.[9]  Janowski favored Travis White and Daniel Smith

---

[1] DN 1-1 at ¶ 4.
[2] *Id.* at #82, 84.
[3] *Id.* 1-1 at #8-84.
[4] *See, e.g.*, *id.* at ¶ 8.
[5] *Id.*
[6] *Id.* at ¶ 14
[7] *Id.* at ¶¶ 45(c); 45(j); 45(n); #49, #50.
[8] *See id.* at ¶ 45(a).
[9] *See, e.g.*, *id.* at ¶ 45(m) (taking issue with a note Janowski sent as "[c]ompletely uncalled for especially with a peer.").

and bought them birthday presents.[10]  Janowski was close friends with both White (a male over the age of 40)[11] and Smith (presumably a male though it's unclear how old).[12]

By early August 2018, Coffey and the other directors learned that their departments needed to cut costs during the budget crisis.[13]  White told Coffey that she would be terminated for her poor performance.[14]  Equian told Coffey it was eliminating her position as it reduced its force.[15]  Smith and White kept their jobs.[16]

In determining whether a Complaint is plausible, the Court considers the Complaint's well-pleaded factual allegations and its common sense.[17]  As part of that common sense, the Court considers what's not in the Complaint.  Here, there are no facts suggesting that 1) Coffey was subject to ageist or sexist comments, innuendo, or jokes at Equian;[18] or 2) Coffey's age or sex was a factor in Janowski's poor treatment of her or in Equian's decision to let her go.[19]  Although

---

[10] *Id.* at ¶ 46; #45.

[11] *Id.* at ¶ 52.

[12] *Id.* at #45.

[13] *Id.* at ¶ 47.

[14] *Id.* at ¶ 53.

[15] *Id.* at ¶ 56.

[16] *Id.* at ¶ 60.

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] The Court should "filter out" hostile work environment claims "attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abuse language, gender-related jokes, and occasional teasing.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quoting B. Lindemann & D. Kadue, Sexual Harassment in Employment Law 175 (1992)); *see also Parker v. Pediatric Acute Care, P.S.C.*, 2008 WL 746677 *5 (Ky. Ct. App. 2008) (same).

[19] *See Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 824 (Ky. 1992) ("The 'but for' test does not require that the jury find sex discrimination was the exclusive motive for the employee's discharge, but only that it was an essential ingredient.  In a civil action seeking damages for a discharge motivated by sex discrimination, a 'but for' test is a fair interpretation of the substantial factor standard.").

Coffey says she "was treated differently to her detriment than other male employees and employees under the age of 40,"[20] this is a legal conclusion to which the Court owes no deference.[21]

Instead, Coffey acknowledges that she didn't know why Janowski appeared to target her: "Connie is targeting me and I am not sure why."[22] She also knew about the budget crisis as early as July 2018,[23] a month before her termination, and she provides no further factual support for her assertion that Equian's reduction in force was pretext for unlawfully firing her. And she acknowledges that Janowski favored White and Smith because they were close friends.[24]

Regardless, Coffey's poor performance gave Equian plenty of reason to fire her. Her June 2018 performance evaluation, which Coffey says Janowski wrote,[25] was "below expectations."[26] But even assuming Janowski was behind the negative evaluation, Coffey's former supervisor T.J. Fjelseth wrote, "you are not performing in a successful manner in several important aspects of your position."[27] Coffey refused to work out her issues with Janowski: "I have not gone to Connie and I will not go to Connie."[28] Coffey also didn't respond to a high-priority email from an Equian executive assistant.[29] And two associates reported that Coffey was "rude and short" to employees who came to her with HR questions.[30]

---

[20] DN 1-1 at ¶ 62.

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[22] DN 1-1 at #62.

[23] *Id.* at #45 ("The rest of the HR team can't understand why we are doing this exercise when she is an interm boss, we are all busy and we know about the cost reductions.").

[24] *Id.*

[25] *See id.* at #42 ("I told him I felt Connie had something to do with this write up and I could not report to her with this document. I felt she is the one who crafted it.").

[26] *Id.* at #34-35.

[27] *Id.* at #39.

[28] *Id.* at #37.

[29] *Id.* at #52-53.

[30] *Id.* at #62.

Finally, Coffey says she filed an EEOC charge on August 12, 2018, before Equian let her go.[31]  That charge says, "On or about August 17, 2018[,] I was terminated."[32]  It is implausible to suggest that Equian retaliated against her for filing a charge which referred to a termination that had already happened.[33]

In sum, Coffey doesn't come close to meeting the plausibility standard.  There isn't even a "sheer possibility that [Equian] acted unlawfully"[34] in letting go a poor HR performer who refused to work with her supervisor during a budget crisis.

One last thing.  Equian is entitled to dismissal of Coffey's complaint with prejudice and without leave to amend.  Coffey had two opportunities to amend: 1) she could have amended as a matter of course within 21 days of when Equian moved to dismiss;[35] and 2) she could have asked for leave to amend in her response.[36]  She did neither.  In any event, her Complaint lacks any plausible bases for her discrimination allegations.  Amending it would be futile.[37]

Justin R Walker, District Judge
United States District Court

March 31, 2020

---

[31] *Id.* at ¶ 55.
[32] DN 5-2 at #110.
[33] *See Asbury Univ. v. Powell*, 486 S.W.3d 246, 257 (Ky. 2016) (a plaintiff alleging retaliation under the Kentucky Civil Rights Act must "prove that the adverse action would not have happened but for her protected conduct.").
[34] *Iqbal*, 556 U.S. at 678.
[35] Fed. R. Civ. P. 15(a)(1)(B).
[36] *See* DN 8.
[37] *Foman v. Davis*, 371 U.S. 178, 182 (1962).