UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

LISA COFFEY                                            PLAINTIFF

v.                                            CIVIL ACTION NO. 3:19-CV-43-JRW

EQUIAN, LLC                                            DEFENDANT

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

The Court **DENIES** Lisa Coffey's motion to alter or amend (DN 20).

### OPINION

Coffey moves to alter or amend the Court's dismissal of her claims, citing Rules 59(e) and 60(b)(5).[1] Under Rule 60(b)(5), the Court may relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."[2] That rule doesn't apply because Coffey takes issue with the merits of the Court's decision.[3]

Additionally, under Rule 59(e), "courts will not address new arguments or evidence that the moving party could have raised before the decision issued."[4] Coffey disputes the Court's conclusion that amending her Complaint would be futile.[5] But, she had two opportunities to

---

[1] DN 20.
[2] Fed. R. Civ. P. 60(b)(5).
[3] DN 20.
[4] *Banister v. Davis*, --- S.Ct. ----, 2020 WL 2814300 *2 (Jun. 1, 2020).
[5] DN 20 at #177.

1

address amending her Complaint before the Court dismissed her lawsuit with prejudice.[6] That she chose not to amend her Complaint then precludes her futility argument now.

Justin R Walker, District Judge
United States District Court

June 04, 2020

---

[6] DN 19 at #174; *see also*, *Islamic Center of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017) (quoting *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041-42 (6th Cir. 1991)) ("a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.").